EASTERN BANK AND TRUST COMPANY v. W. R. SHAW AND HIS WIFE,
RUTH SHAW, BRADHAM DRUG COMPANY ET AL.

(Filed 11 April, 1934.)

**Banks and Banking H d—Maker may not set off deposit in assignor bank
against assignee when assignment is made prior to assignor's in-
solvency.**

> Where a bank, the holder of a note in due course, endorses and as-
> signs same before maturity to another bank, and thereafter the assignor
> bank becomes insolvent, the maker of the note, having a sum on deposit
> in the assignor bank sufficient to pay the note at the time it closed its
> doors, may not contend that the assignment was void in the absence of
> evidence that the assignor bank was insolvent at the time of its assign-
> ment or contemplated insolvency at that date, and the assignee bank may
> maintain an action on the note as a holder in due course.

APPEAL by defendants, W. R. Shaw and his wife, Ruth Shaw, from
*Daniels, J.,* at January Term, 1934, of CRAVEN. No error.

On 25 April, 1927, the defendants, W. R. Shaw and his wife, Ruth
Shaw, executed and delivered to the defendant Bradham Drug Company
their note for the sum of $500.00. The said note is payable to the order
of the Bradham Drug Company, and was due on 25 October, 1929. Be-
fore its maturity, the Bradham Drug Company endorsed said note, and
transferred and assigned the same, for value, to the First National Bank
of New Bern.

On 9 October, 1929, the First National Bank of New Bern endorsed
the said note, and transferred and assigned the same, for value, to the
plaintiff. The plaintiff is now the holder in due course of the said note.
Interest accrued on said note was paid to 25 April, 1929.

The note sued on in this action is one of a series of notes executed
by the defendants W. R. Shaw and his wife Ruth Shaw, and payable
to the order of the Bradham Drug Company. The said notes were
secured by a chattel mortgage executed by the makers and duly recorded
in the office of the register of deeds of Craven County. All the notes
secured by said chattel mortgage, except the note sued on, have been
paid. The said chattel mortgage was wrongfully canceled in the record
by the Bradham Drug Company. There is now due on the note sued
on the sum of $500.00, with interest from 25 April, 1929.

From judgment that plaintiff recover of the defendants, W. R. Shaw
and his wife, Ruth Shaw, the sum of $500.00, with interest on said sum
from 25 April, 1929, and the costs of the action, and that the cancella-
tion of the chattel mortgage entered on the record by the defendant
Bradham Drug Company be stricken therefrom, the defendants, W. R.
Shaw and his wife, Ruth Shaw, appealed to the Supreme Court.

*Warren & Warren for plaintiff.*
*Ernest M. Green for defendants.*

CONNOR, J. The First National Bank of New Bern was the holder in due course of the note sued on in this action on 9 October, 1929. At said date, the said National Bank endorsed and assigned said note, for value, to the plaintiff. The note was due and payable on 25 October, 1929.

The First National Bank of New Bern closed its doors and ceased to do business on 25 October, 1929, because of its insolvency. At said date, the defendant, W. R. Shaw, had on deposit with the said First National Bank of New Bern, a sum more than sufficient for the payment of said note. There was no evidence at the trial of this action tending to show that the First National Bank of New Bern was insolvent on 9 October, 1929, or that it contemplated insolvency at said date. For that reason, the contention of the defendants that the transfer and assignment by said National Bank of the note sued on was void, and that the plaintiff did not become the holder in due course as the result of said transfer and assignment, cannot be sustained.

There was no error in the instruction of the court to the jury to the effect that if the jury should find the facts to be as all the evidence tended to show, they should answer the third issue "Yes." The judgment is affirmed.

No error.